UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Civil Action No. 21-2627 (TJK)

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants U.S. Department of Homeland Security, U.S. Department of Homeland Security Office of Inspector General, and U.S. Immigration and Customs Enforcement (collectively, "Defendants") respectfully move to dismiss this case. As set forth in the accompanying memorandum of points and authorities, Plaintiff American Civil Liberties Union failed to submit a request to Defendants under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that "reasonably describes" the records sought, and therefore, Plaintiff fails to plausibly allege a violation of FOIA. A proposed order is attached.

Dated: December 13, 2021

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ Sean Tepe
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2533
Sean.Tepe@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | ) | Civil Action No. 21-2627 (TJK) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

BACKGROUND .......... 1

LEGAL STANDARD .......... 4

ARGUMENT .......... 4

I. Plaintiff's FOIA Requests Are Too Vague and Overbroad to Reasonably Describe the Records Sought .......... 7

II. Plaintiff's FOIA Request Fails to Comply With DHS Regulations .......... 12

CONCLUSION .......... 13

**TABLE OF AUTHORITIES**

**Case** **Page**

*Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*,
Civ. A. No. 21-1364 (TNM), 2021 WL 5231939 (D.D.C. Nov. 10, 2021) .................... 8, 9, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................ 4

*Assassination Archives & Rsch. Ctr., Inc. v. CIA*,
720 F. Supp. 217 (D.D.C. 1989) ................................................................................. 9, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................ 4

*Borden v. FBI*,
No. 94-1029, 1994 U.S. App. LEXIS 16157 (1st Cir. 1994) ................................................ 7

*Bristol-Myers Co. v. FTC*,
424 F.2d 935 (D.C. Cir. 1970) ........................................................................................ 6

*Cable News Network v. FBI*,
271 F. Supp. 3d 108 (D.D.C. 2017) ................................................................................ 7

*Cause of Action Inst. v. IRS*,
390 F. Supp. 3d 84 (D.D.C. 2019) .................................................................................. 5

*Citizens for Resp. & Ethics in Wash. v. FEC*,
711 F.3d 180 (D.C. Cir. 2013) ........................................................................................ 5

*Dale v. IRS*,
238 F. Supp. 2d 99 (D.D.C. 2002) ...................................................................... 6, 7, 10, 12

*Evans v. Bureau of Prisons*,
951 F.3d 578 (D.C. Cir. 2020) ........................................................................................ 5

*FCC v. AT&T Inc.*,
562 U.S. 397 (2011) ........................................................................................................ 6

*Chiquita Brands Int'l, Inc. v. SEC*,
805 F.3d 289 (D.C. Cir. 2015) ........................................................................................ 6

*Freedom Watch v. Dep't of State*,
925 F. Supp. 2d 55 (D.D.C. 2013) .................................................................................. 7

*Hall & Assocs. v. EPA*,
83 F. Supp. 3d 92 (D.D.C. 2015) .................................................................................. 11

*Irons v. Schuyler*,
465 F.2d 608 (D.C. Cir. 1972) ........................................................................................ 6

*Krohn v. Department of Justice*,
628 F.2d 195 (D.C. Cir. 1980) .................................................................................. 10-11

*Latham v. Dep't of Just.*,
658 F. Supp. 2d 155 (D.D.C. 2009) ................................................................................ 7

*Marks v. Dep't of Just.*,
578 F.2d 261 (9th Cir. 1978) .......................................................................................... 9

*Miller v. Casey*,
730 F.2d 773 (D.C. Cir. 1984) ........................................................................................ 9

*Nat'l Sec. Counselors v. CIA*,
960 F. Supp. 2d 101 (D.D.C. 2013) ............................................................................ 8-9

*Nat'l Sec. Counselors v. CIA*,
969 F.3d 406 (D.C. Cir. 2020) ...................................................................................... 10

*Papasan v. Allain*,
478 U.S. 265 (1986) ....................................................................................................... 4

*Sanchez v. Decker, Civ. A.*
No. 19-8354, 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019) ............................................ 9

*Tax Analysts v. IRS*,
117 F.3d 607 (D.C. Cir. 1997) ........................................................................................ 8

*Truitt v. Dep't of State*,
897 F.2d 540 (D.C. Cir. 1990) ........................................................................................ 6

**<u>Statutes, Regulation, Rules, and Other Authorities</u>**

5 U.S.C. § 552 ...................................................................................................... 1, 3, 4, 5

6 C.F.R. § 5.3 ............................................................................................................. 5, 12

Plaintiff American Civil Liberties Union ("Plaintiff") instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the U.S. Department of Homeland Security ("DHS"), DHS Office of Inspector General ("DHS OIG"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") to comply with its multi-part FOIA request seeking certain records pertaining to "Defendants' treatment of hospitalized detainees" at immigration detention facilities across the country. Compl. ¶ 11 (ECF No. 1). Plaintiff's FOIA request, however, fails to reasonably describe the records sought, which is a prerequisite to Defendants' duty to act on a FOIA request. Plaintiff's failure to plausibly allege a FOIA violation requires dismissal of its Complaint for failure to state a claim. Accordingly, Defendants' respectfully request that the Court grant Defendants' motion to dismiss.

**BACKGROUND**

On July 14, 2021, the ACLU submitted a FOIA request to DHS, DHS OIG, and ICE (Compl., Ex. A) seeking the following records:

> (l) Any and all documents, without limitation to date, including any communications, investigatory reports, and any and all exhibits, appendices, or attachments thereto, relating to the hospitalization, death, decision to release from custody, or release from custody of the following individuals.

| **Name** | **Country of Origin** | **Approximate Date of Death** | **ICE Detention Facility Prior to Hospitalization and Death** | **Location at Death** |
|---|---|---|---|---|
| a. Teka Gulema | Ethiopia | January 18, 2016 | Etowah County Detention Center, Alabama | Riverview Medical Center, Gadsden, AL |
| b. Johana Medina Leon | El Salvador | May 23-June 1, 2019 | Otero County Processing Center, New Mexico | Del Sol Medical Center, El Paso, TX |
| c. Jose Ibarra Bucio | Mexico | March 21, 2019 | Adelanto ICE Processing | Loma Linda University Medical |

| | | | | |
|---|---|---|---|---|
| | | | Center. California | Center, Loma Linda, CA |
| d. Martin Vargas Arellano | Mexico | March 6, 2021 | Adelanto ICE Processing Center, California | St. Judge Medical Center, Fullerton, CA |

(2) Any and all DHS OIG reports of investigation that are identified in any of the records responsive to Request #1. This includes any and all exhibits, appendices, or attachments to the DHS OIG reports of investigation.

(3) Any and all ICE OPR reports of investigation that are identified in any of the records responsive to Request #1. This includes any and all exhibits, appendices, or attachments to the DHS OPR reports of investigation.

(4) Any and all documents and communications, including ICE and IHSC directives, policies, procedures, protocols, and trainings, regarding the release of detainees from custody who are hospitalized or transferred from detention for off-site medical care. This includes all versions of the documents that were in effect during the request period, as well as any updates, amendments, and attachments thereto.

(5) Any and all documents and communications, including databases, spreadsheets, lists, and other data compilations, that identify detainees who were hospitalized or transferred from detention for off-site medical care, the date of hospitalization, date of discharge from hospital (if any), date of return to detention (if any), date of release from custody (if any), detention facility, and/or medical condition/reason for hospitalization or offsite medical care.

(6) Any and all documents, communications, and other records, including spreadsheets, emails, significant incident reports (SIRs), significant event notification reports (SEN), investigatory reports, and associated documentation, regarding detainees who are hospitalized or transferred from detention for offsite medical care and subsequently released from ICE custody while hospitalized or while receiving off-site medical care.

(7) Any and all documents, communications, and other records, including emails, spreadsheets, significant incident reports (SIRs), significant event notification reports (SEN), investigatory reports, and associated documents, regarding the death of detainees who were hospitalized or transferred from detention for offsite medical care, were released from ICE custody, and subsequently died while hospitalized.

(8) Any and all documents, communications, and other records, including databases, spreadsheets, lists, and other data compilations, that identify detainees who were hospitalized or transferred from detention for off-site medical care due to COVID-19, and were subsequently released from custody while hospitalized,

> dates of hospitalization, detention facility, medical condition/reason for hospitalization or treatment, name and location of hospital, date of return to detention (if any), date of release from custody or issuance of order of recognizance (if any), and/or reason for release from custody.
>
> (9) Any and all documents, communications, and other records, including ICE and IHSC directives, policies, procedures, protocols, and trainings, regarding the release of detainees from custody who are hospitalized or transferred from detention for off-site medical care, including on orders of recognizance, due to COVID-19 infection,
>
> (10) Any and all documents, communications, and other records, including bills, invoices, charges, or payment, related to the hospitalization or off-site medical treatment of detainees who were hospitalized or transferred for off-site medical treatment and were subsequently released from custody while hospitalized.

Plaintiff further defined the scope of the FOIA requests on pages 1 to 3 of its request letter. Compl., Ex. A. It includes expansive definitions of "communications" and "documents." *Id* at 2. Plaintiff requests records from "January 1, 2019 to the present." *Id*. The FOIA requests are not limited to certain individuals, offices, or divisions but encompass all of ICE and DHS OIG if not also DHS. ICE is defined as "Immigration and Customs Enforcement, and any components, subcomponents, offices, or personnel therein." *Id*. at 3. Similarly, DHS OIG is defined as the "Department of Homeland Security Office of Inspector General and any component and offices therein." *Id*. Although some requests relate to certain named detainees, most of the requests seek records regarding detainees more broadly, as "detainee" is defined as "any person detained or formerly detained in an immigration facility or holding facility." *Id*. In turn, "immigration detention facility" is defined broadly as "Service Processing Centers, Contract Detention Facilities, Family Residential Facilities, Intergovernmental Service Agreement (IGSA) Facilities, Dedicated Intergovernmental Service Agreement (DIGSA) Facilities, Intergovernmental Agreement (lGA) Facilities, and any other facilities where individuals may be held in ICE custody for 72 hours or more." *Id*.

DHS, DHS OIG, and ICE acknowledged receipt of the FOIA request on July 27, August 2, and August 16, 2021, respectively. Compl. ¶¶ 21-23. DHS stated it was transferring the FOIA request to DHS OIG and ICE for processing and response. *Id.* ¶ 25. Without waiting for further communication from the agencies, roughly two months after receiving acknowledgments, Plaintiff filed suit. Plaintiff asserts two claims under 5 U.S.C. § 552, alleging "wrongful withholding of non-exempt responsive records" (Claim I) and "failure to conduct adequate searches for responsive records" (Claim II). *Id.* at 12-13.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Id.* However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

**ARGUMENT**

Plaintiff's Complaint should be dismissed because it fails to plausibly state a claim that Defendants are improperly withholding records responsive to a "reasonably described" FOIA

request. FOIA states that "each agency, upon any request for records which (1) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). As relevant here, DHS's regulations also require that DHS and its components produce non-exempt records after a requestor reasonably describes the records sought. 6 C.F.R. §§ 5.3(b), 5.4.

"Because . . . FOIA permits a court 'to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant[,]' 5 U.S.C. § 552(a)(4)(B), '[a] FOIA plaintiff states a claim where it properly alleges that an agency has (1) improperly (2) withheld (3) agency records [.]'" *Cause of Action Inst. v. IRS*, 390 F. Supp. 3d 84, 92 (D.D.C. 2019). On the other hand, a plaintiff has failed to state a FOIA claim where its FOIA request fails to reasonably describe the records sought. *See Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)) ("Under FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'"); *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request.").

A brief overview of the history of 5 U.S.C. § 552(a)(3)(A) provides insight on the meaning of the term "reasonably describes" as used in FOIA. The counterpart to Section 552(a)(3)(A) that existed in the 1967 enactment of FOIA stated: "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person."

Pub. L. No. 90-23, 81 Stat. 54 (1967). The D.C. Circuit explained in *Irons v. Schuyler*, 465 F.2d 608 (D.C. Cir. 1972), that the "identifiable records" requirement "calls for a reasonable description enabling the Government employee to locate the requested records." *Id*. at 612 (quoting *Bristol-Myers Co. v. FTC*, 424 F.2d 935, 938 (D.C. Cir. 1970)). Accordingly, it held that a request—for "all unpublished manuscript decisions of the Patent Office, together with such indices as are available"—was not a request for "identifiable records" because "the contours of the records . . . described are so broad in the context of the Patent office files as not to come within a reasonable interpretation of 'identifiable records[.]'" *Id*. at 610, 613.

Congress inserted the term "reasonably describes" "in 1974 in replacement of the words 'request for identifiable records,' the terminology of Section 3 [of FOIA] as originally enacted in 1967." *Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990). A request "reasonably describes" agency records when it "would be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort."[1] *Id*. at 545 n.36. The professional-employee test is an objective test, and courts are equipped to make this determination by resort to the FOIA request alone. *See Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) (noting that document request was deficient "on its face"). In

[1] The Attorney General's Memorandum on the 1974 Amendments to FOIA promulgated by Attorney General Edward H. Levi (the "Attorney General's Memorandum") in 1975 contains the Executive Branch's contemporaneous interpretation of the 1974 amendments to FOIA, which the Supreme Court and the D.C. Circuit have viewed as "a reliable guide in interpreting FOIA." *Chiquita Brands Int'l, Inc. v. SEC*, 805 F.3d 289, 295-96 (D.C. Cir. 2015) (*quoting FCC v. AT&T Inc*., 562 U.S. 397, 409 (2011)). The Attorney General's Memorandum explains the change from "identifiable" to "reasonably describes" as "serv[ing] basically to clarify rather than to alter the law as it has been understood by several courts and many agencies." Attorney General's Mem. at 22. "It is not enough that the request provide enough data to locate the record; it must enable it to be located in a manner which does not involve an unreasonable amount of effort." *Id*. at 23. The Attorney General's Memorandum was reprinted in the House Committee on Government Operations and Senate Committee on the Judiciary*, Freedom of Information Act and Amendments of 1974 (P.L. 93-502)*, 94th Cong., 1st Sess., 507, 518-19 (Jt. Comm. Print 1975).

other words, agencies need not introduce evidence showing that, based on a particular document request, their professionals are incapable of locating the requested records with a reasonable amount of effort. *See Borden v. FBI*, No. 94-1029, 1994 U.S. App. LEXIS 16157, at *1-2 (1st Cir. 1994) (per curiam) ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought. Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments." (citations omitted)). Ultimately, FOIA does not require an agency to engage in such "an all-encompassing fishing expedition . . ., at taxpayer expense." *Dale*, 238 F. Supp. 2d at 105.

Accordingly, Plaintiff's FOIA requests and in turn Plaintiff's Complaint must be analyzed in relation to whether the requests satisfy the requirements of a reasonably described request for records.

## I. Plaintiff's FOIA Requests Are Too Vague and Overbroad to Reasonably Describe the Records Sought

To begin, most requests—Nos. 1, 4, 6-7, and 9-10—do not request identifiable records at all but instead request "any and all" documents and communications "relating to", "regarding", or "related to" certain subjects. Courts in this District hold that requests seeking all records "pertaining to," "relating to," or "regarding" a subject matter are insufficient under FOIA. *See, e.g., Cable News Network v. FBI*, 271 F. Supp. 3d 108, 112 (D.D.C. 2017) (dismissing as overbroad a request for records that "relate in any way to" certain subject areas); *Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 61 (D.D.C. 2013) (granting motion to dismiss and finding a "relating to" request "overbroad since life, like law, is 'a seamless web,' and all documents 'relate' to all others in some remote fashion") (citation omitted); *Latham v. Dep't of Just.*, 658 F. Supp. 2d 155, 161 (D.D.C. 2009) (a request for records "that pertain in any form or sort to [the plaintiff]" was "overly broad"); *Dale*, 238 F. Supp. 2d at 104 (request for documents "that refer or relate in

any way to [the plaintiff]" did not reasonably describe the records sought); *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, Civ. A. No. 21-1364 (TNM), 2021 WL 5231939, at *5 (D.D.C. Nov. 10, 2021) (dismissing as not reasonably described where requests sought documents that "regard[ ] in any way" the eight specified topics).

To illustrate the vagueness of Plaintiff's requests, Request No. 9 seeks "any and all documents, communications, and other records . . . regarding the release of detainees from custody who are hospitalized or transferred . . . for off-site medical care . . . due to COVID-19 infection." Putting aside the potential applicability of FOIA exemptions, it is unclear whether the search should seek documents limited to records showing that the reason for release was because of or "due to COVID-19" *or* whether the search should seek documents showing that a detainee was released from custody while in the process of receiving off-site treatment for COVD-19 at the time of release *or* whether the search should seek documents showing that a detainee was released from custody who had at one point been treated off-site "due to COVID-19." And because the terms of the request seek "any and all" records "regarding" the release of detainees, that would appear to encompass documents about the release (i.e., logistics, notices to appear) that do not themselves reflect a COVID-19 diagnosis or treatment. Plaintiff's broad descriptions do not allow the agency "to determine precisely what records are being requested." *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (quoting *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996)).

Second, the FOIA requests are exceedingly and impermissibly broad. "Even where a request 'identif[ies] the documents requested with sufficient precision to enable the agency to identify them,' the request may still fail to 'reasonably describe[ ]' the records sought if it is 'so broad as to impose an unreasonable burden upon the agency.'" *Nat'l Sec. Couns. v. CIA*, 960 F. Supp. 2d 101, 163 (D.D.C. 2013) (quoting *Am. Fed'n Gov't Emps. ("AFGE") v. Dep't of Com.*,

907 F.2d 203, 209 (D.C. Cir. 1990)). "[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome." *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990). "Agencies must read FOIA requests as drafted," *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984), and thus are not obligated to construe FOIA requests to be less vague and less burdensome than the text of the requests.

According to the plain language of the FOIA requests here, Plaintiff requests that Defendants search and review the records of any and all employees that might possess records "regarding" the foregoing subjects. Plaintiff "does not try to cabin [its requests] to particular employees at those agencies." *Am. Ctr. for L. & Just.*, 2021 WL 5231939, at *6. ICE alone has approximately 20,000 personnel. *See* ICE's Mission, at https://www.ice.gov/mission. Further, the FOIA requests encompass any "immigration detention facility," which is defined to include not just ICE-run facilities, but "contract detention facilities" run by private companies. The definition also includes "intergovernmental service agreement facilities," which are state, county, and local jails that by agreement with ICE, house detainees. *See Sanchez v. Decker*, Civ. A. No. 19-8354, 2019 WL 6311955, at *5 n.4 (S.D.N.Y. Nov. 25, 2019). Plaintiff has estimated that there are over 200 immigration detention facilities.[2] Plaintiff's requests, therefore, seek in essence "an all-encompassing search of the records of every field office" even though "the FOIA does not mandate that [an agency] comply" with such a request. *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978); *see also AFGE*, 907 F.2d at 208-09 (holding request that "would require the Bureau to locate 'every chronological office file and correspondent file, internal and external, for every

---

[2]   ACLU, Why We're Joining the Call to Shut Down ICE Detention Centers, *at* https://www.aclu.org/news/immigrants-rights/why-were-joining-the-call-to-shut-down-ice-detention-centers/.

branch office, staff office' does not "'reasonably describe[]' a class od documents subject to disclosure"). And almost all the requests—Nos. 1 and 4-10—seek "[a]ny and all documents and communications" regarding certain subjects. "The phrase 'any and all' is capacious, involving a huge number of potentially responsive documents." *Am. Ctr. for L. & Just.*, 2021 WL 5231939, at *5; *Dale*, 238 F. Supp. 2d at 104 (D.D.C. 2002) ("FOIA requests for *all* documents concerning a requester are too broad.").

As drafted then, the requests do not reasonably describe records that can be located without an unreasonable burden. Request No. 6, for example, requests "any and all" documents, communications, and other records "regarding" any "detainee" (and by definition, from any "immigration detention facility") "hospitalized"[3] and "subsequently released from ICE custody while hospitalized." Responding to this request would be a "massive undertaking," *see Nat'l Sec. Counselors. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020), made all the more challenging by the fact that it places on the agency the onus of determining what records "regard[]" these detainees. Layered on top, in Request No. 10, Plaintiffs seek the "bills, invoices, charges, or payment" for all the hospitalizations.

Other requests have their own unique infirmities. Although Request Nos. 5 and 8 do not seek records "regarding" certain subjects, they seek "any and all" records that "identify detainees who were hospitalized" along with the dates of departure from detention, discharge from hospital, and return to detention; the date of and reason for release; the detention facility; and the medical condition or reason for hospitalization. Request No. 8 seeks this and additional information. These requests have similarities to the request in *Krohn v. Department of Justice*, 628 F.2d 195, 196

---

3 To be succinct, Defendant's memorandum uses only the term "hospitalized" but the FOIA requests also encompass detainees "transferred from detention for off-site medical care."

(D.C. Cir. 1980), which sought a variety of information with respect to "each and every criminal case" in which judgment was entered pursuant to Fed. R. Crim. P. 32(b). The D.C. Circuit held that the request was "too vague" and explained that "[a] reasonable description requires the requested record to be reasonably identified as a record not as a general request for data, information and statistics to be gleaned generally from documents which have not been created and which the agency does not generally create or require." *Id*. at 198. The Court continued that "the request is so broad and general as to require the agency to review the entire record of 'each and every . . . criminal case' in order to determine whether it contains any evidence of the data, information or statistics that appellant requests. Such request is fatally flawed by lack of a reasonable description." *Id*. Likewise here, Plaintiff's requests as drafted would require Defendants to review each and every case and record of a detainee who was hospitalized to effectively compile the requested information. But "an agency is not required to 'answer questions disguised as a FOIA request,' . . . nor conduct research in response to a FOIA request." *Hall & Assocs. v. EPA*, 83 F. Supp. 3d 92, 102 (D.D.C. 2015) (citations omitted).

Request Nos. 2 and 3 also do not reasonably describe the records sought and are impermissibly vague. These requests seek "any and all DHS OIG reports of investigation" or "ICE [Office of Professional Responsibility] reports of investigation" "that are identified in any of the records responsive to Request #1." One could characterize these as "springing" FOIA requests. Thus, Plaintiff requests Defendants not only produce records responsive to Request No. 1 but review those records to determine if further searches should be conducted based on the content of those records. But "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219. Further, the FOIA requests do not define a "report of investigation" or what would constitute "identif[ying]"

those reports such that there would be a trigger for Defendants to have to search for and produce them. And again, Request Nos. 2 and 3 are based on the content of "records responsive to Request #1," which ask for records "relating to" the hospitalization, death, decision to release, or release of four named individuals.

Ultimately, Plaintiff's Complaint should be dismissed because it fails to state a claim that Defendants improperly withheld documents responsive to FOIA requests that "reasonably describe" the records sought. As explained, the requests are vague (i.e., "regarding" any detainees), unreasonably burdensome (i.e., "any and all" records agency-wide involving any "immigrant detention facility" across the country), and impermissibly place the onus on Defendants to become wide-ranging investigators and researchers (i.e., collecting data on all hospitalized detainees) rather than producers of identifiable, existing records. Accordingly, an agency employee familiar with the requests' subject matter would not be able to locate the records with a "reasonable amount of effort."

## II. <u>Plaintiff's FOIA Request Fails to Comply With DHS Regulations</u>

As noted, DHS has regulations pertaining to it and its components that incorporate FOIA's reasonably describes requirement. *See* 6 C.F.R. § 5.3(b). DHS's regulations further explain that "a reasonable description contains sufficient information to permit an organized, non-random search for the record based on the component's filing arrangements and existing retrieval systems." *Id*. However, the scope of Plaintiff's request would require Defendants to engage in a random search for records based on its breadth discussed above. Thus, because Plaintiff's FOIA request does not comply with FOIA, it also fails to comply with the applicable DHS regulations. *Cf. Dale*, 238 F. Supp. 2d at 103-05. The Complaint therefore should be dismissed on this ground as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss.

Dated: December 13, 2021

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Sean Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2533
Sean.Tepe@usdoj.gov

*Attorneys for the United States of America*