UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 21-2627 (TJK)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants U.S. Department of Homeland Security ("DHS"), DHS Office of Inspector General ("DHS OIG"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"), respectfully submit this Reply in further support of their motion to dismiss (ECF No. 12) the Complaint filed by Plaintiff American Civil Liberties Union ("Plaintiff" or "ACLU") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### INTRODUCTION

Shortly after Plaintiff submitted its 10-part FOIA request to Defendants, Plaintiff sued Defendants in this Court. Typically, as this Court is aware, a FOIA lawsuit triggers the commencement of a rolling release by a government agency of non-exempt records responsive to the FOIA request(s) underlying the lawsuit. Yet an agency's obligations under FOIA are contingent upon receiving a request that "reasonably describes" the requested records, among other requirements, and a lawsuit based on deficient requests may be dismissed. 5 U.S.C. § 552(a)(3)(A). This is one of those cases.

**ARGUMENT**

**I.      Plaintiff's FOIA Requests Do Not "Reasonably Describe" The Records Sought**

In its Motion, Defendants explained that the Complaint should be dismissed because it fails to plausibly state a claim that Defendants are improperly withholding records responsive to a "reasonably described" FOIA request. Because "an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records[,]'" an agency cannot "improperly" withhold records if the records have not been reasonably described. *See Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)). Plaintiff does not dispute this legal requirement.

Nor does Plaintiff dispute that the test in this Circuit for whether a FOIA request "reasonably describes" agency records is whether the description "would be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990).

Plaintiff's FOIA requests have a variety of flaws that prevent a reasonably familiar professional employee from "locat[ing] the record[s] with a reasonable amount of effort." But one of the most significant flaws, which exists in most of Plaintiff's requests, is that Plaintiff demands Defendants produce "any and all" records "relating to" or "regarding" a subject matter. Defendants' Motion explained that courts regularly find requests seeking records "pertaining to," "relating to," or "regarding" a subject matter do not "reasonably describe" the records sought. *See* Mot. at 7.

Plaintiff's primary response is to ask that the Court do what it cannot do, that is, *not* "read the FOIA requests as drafted." *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984). Plaintiff argues that the Court and Defendants, should effectively ignore these problematic words. Plaintiff

argues that the words "any and all" in its requests are "standard introductory" words and the words "relating to" and "regarding" are simply "connector words" and that these words should "not obscure the meaning of what the ACLU seeks." Opp. at 7-8. However, it is well-settled in this Circuit that the agencies and "[t]he Court must read that request as drafted." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, Civ. A. No. 21-1364 (TNM), 2021 WL 5231939, at *8 (D.D.C. Nov. 10, 2021) (citations omitted).

Plaintiff also responds that the cases cited by Defendants are "inapposite" because those cases "involve far more expansive and open-ended requests." Opp. at 9. Yet in distinguishing those cases Plaintiff emphasizes the presence of so-called introductory or connector words that Plaintiff previously argued should be de-emphasized if not ignored in its own FOIA requests. For example, Plaintiff states that in *American Center for Law & Justice v. Department of Homeland Security* the request asked for any and all records "referencing or regarding *in any way*" certain topics and that in *Cable News Network, Inc. v. FBI* the request sought documents that "constitute, refer, or *relate in any way* to *any* memoranda prepared" by the FBI Director concerning certain individuals. Opp. at 9-10. Putting aside for the moment Plaintiff's inconsistent argument that such words should be dispositive in distinguishing these cases but "not determinative" of whether its requests are reasonably described, Plaintiff's focus on the words "in any way" avoids the fact that the requests in those cases and the requests here are asking FOIA processors to determine what does and does not "relate" to a specified topic. As explained in *Shapiro v. CIA*, 170 F. Supp. 3d 147, 155 (D.D.C. 2016), "there is a difference in kind between requests for documents that 'mention' or 'reference' a specified person or topic and those seeking records 'pertaining to,' 'relating to,' or 'concerning' the same." The Court explained that "[b]ecause 'a record may pertain to something without specifically mentioning it,' the request's use of "pertaining" to the specified

subject produced a "lack of clarity [that] le[ft] the agency to guess at the plaintiff's intent." *Id*. at 154 (quoting *Sack v. CIA*, 53 F. Supp. 3d 154, 164 (D.D.C. 2014)).

Relying on a phrase in a footnote in *Public Employees for Enviromental Responsibility ("PEER") v. EPA*, 314 F. Supp. 3d 68 (D.D.C. 2018), Plaintiff argues that its requests "precisely define[] by subject matter" the records requested. Opp. at 6. But the main defect in Plaintiff's FOIA requests is not that they lack specified subjects, but rather that the requests do not reasonably describe what records are being sought about those subjects such that they can be located with reasonable effort. In fact, the very footnote cited by Plaintiff explains that the request in *PEER* was "more precisely defined" because it lacked the "relate to" scope of requests in the other cases cited by the EPA. *PEER*, 314 F. Supp. 3d at 81 n.5. So while Plaintiff contends that its FOIA requests satisfy the so-called "linchpin inquiry"—which is "whether the agency is able to determine 'precisely what records (are) being requested'" (*see* Opp. at 6 (quoting *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982)))—its FOIA requests actually leave the FOIA processor "to guess at plaintiff's intent" or "in a hopeless muddle without clear guidance about what documents are being sought." *Shapiro*, 170 F. Supp. 3d at 154; *Am. Ctr. for L. & Just.*, 2021 WL 5231939, at *6. Plaintiff cannot avoid the fact that the requests Plaintiff drafted insufficiently describe what precisely Plaintiff seeks, as even the law cited by Plaintiff indicates.

Defendants' Motion also explained that Plaintiff's requests fail to reasonably describe the records sought in part because they are "'so broad as to impose an unreasonable burden upon the agency.'" *Nat'l Sec. Couns. v. CIA*, 960 F. Supp. 2d 101, 163 (D.D.C. 2013) (quoting *Am. Fed'n Gov't Emps. ("AFGE") v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990)). *See* Mot. at 8-12.

Plaintiff's first response to that critique argues the "number of records" requested is not relevant to whether the request is reasonably described. Opp. at 11. That plainly misapprehends

Defendants' argument.[1]  Rather, Defendants' argument is that the combination of the requests' extraordinary breadth (i.e., any detainee, any facility, "any and all" documents) and the failure to precisely define what is sought (i.e., seeking documents "regarding" or "relat[ing] to") prevents a knowledgeable employee from "locat[ing] the record[s] with a reasonable amount of effort."[2]

Plaintiff's second argument is that Defendants' "unreasonable burden argument rests on an unfair reading" of its requests.  Opp. at 11.  But Defendants simply highlighted the text and terms of the FOIA requests themselves.  *See* Mot. at 9-12.  It is not unfair to note that the FOIA requests are not limited to particular employees, offices, or locations.  Many of Plaintiff's FOIA requests seek "any and all" records "regarding" any "detainee" who was sent off-site for medical care and then released while at the off-site facility.  When Plaintiff defines "detainee" to encompasses "any person detained or formerly detained in an immigration facility or holding facility"—which itself is defined to include not just ICE-run facilities, but "contract detention facilities" run by private companies, as well as state, county, and local jails housing detainees—it is not unfair to point out that Plaintiff's requests thereby implicate over 200 facilities.  While Plaintiff states that FOIA only requires agencies to search locations likely to contain responsive material, it just so happens that Plaintiff's requests, as drafted, potentially require a search of over 200 facilities to locate "any and

---

[1]     Indeed, any reference to number or quantity of records appeared in Defendants' Motion only in pointing out that some courts have taken issue with requests that seek "any and all" documents—as do Request Nos. 1 and 4-10 here—because such requests potentially involve "a huge number of potentially responsive documents." *Am. Ctr. for L. & Just.*, 2021 WL 5231939, at *5; *Dale*, 238 F. Supp. 2d at 104 (D.D.C. 2002) ("FOIA requests for *all* documents concerning a requester are too broad.").

[2]     Plaintiff argues that some professional employee familiar with the medical care of detainees would know how to search for the requested information (Opp. at 12), echoing the language of *Truitt*, but ignores *Truitt*'s requirement that the professional employee be able "to locate the record with a reasonable amount of effort."

all documents and communications . . . regarding the release of detainees from custody who are hospitalized or transferred from detention for offsite medical care." *See* Request No. 4. Considering the requests "as drafted" is not unfair; it is what agencies must do.[3]

Plaintiff also asserts that Defendants' Motion must be denied because it is "based on pure speculation" and not supported by affidavits or declarations to substantiate the claim of undue burden. Opp. at 12-13. Yet again, however, Plaintiff avoids the issue, which is whether the requests "reasonably describe the records" sought.

For example, Plaintiff pulls a quote from *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995), to argue that "[i]t is the *agencies'* burden to 'provide [a] sufficient explanation as to why such a search would be unreasonably burdensome.'" Opp. at 12. But that court was not addressing a motion to dismiss based on a failure to reasonably describe the records requested. The court was considering the Government's motion for summary judgment and whether the agency conducted an adequate search. Plaintiff's pull quote pertained to whether a search for a specifically identified memo could be deemed too burdensome to conduct without the court having an affidavit from the agency. More than a memo is at issue in the instant litigation.

And Plaintiff's reliance on *Shapiro v. CIA* is not simply unavailing; it actually demonstrates how Plaintiff's FOIA requests are not reasonably described. Plaintiff contends that "an agency's explanation for withholding documents cannot be divined from a 'request alone.'" Opp. at 12 (citing *Shapiro*, 170 F. Supp. 3d at 155). Yet that is not the holding of *Shapiro*. There, the court rejected a motion to dismiss premised on an argument that Shapiro's request did not reasonably

---

[3] Plaintiff responds to Defendants highlighting the expansive definitions of "communications" and "documents" by stating that it is "standard and consistent" with the use of those terms in civil discovery pursuant to the Federal Rules of Civil Procedure. Opp. at 8 n.3. Putting aside for the moment that this is FOIA and not civil discovery, those definitions "only further broaden" the request. *Am. Ctr. for L. & Just.*, 2021 WL 5231939, at *7.

describe the records he sought.  It concluded that "there can be no dispute about which items are being requested—records in the CIA's possession that "mention[ ]" Nelson Mandela or his three listed aliases."  *Shapiro*, 170 F. Supp. 3d at 154.  The court reasoned that "compliance should involve virtually no guesswork: A record is responsive if and only if it contains Mandela's name (or those of his three listed aliases) or any descriptor obviously referring to him."  *Id*.  The court in *Shapiro* contrasted the unambiguous FOIA request before it with FOIA requests—like the ones made by the ACLU here—that were found not to reasonably describe the records sought because they sought records "pertaining to" or "relating to" a subject.  *Id*. at 155 ("[T]here is a difference in kind between requests for documents that 'mention' or 'reference' a specified person or topic and those seeking records 'pertaining to,' 'relating to,' or 'concerning' the same.").

Another court in this District recently rejected similar arguments that a defendant must proffer "evidence" of burden.  In *Leopold v. ICE*, Civ. A. No. 18-2415 (RDM), 2021 WL 4243401, at *9 (D.D.C. Sept. 17, 2021), the court stated that plaintiff "misapprehends the nature of the vagueness test as set out in *Krohn* and *Irons*."  Rather, our "courts analyze vagueness by focusing on the *language* of the FOIA request and ask whether the *description* is so broad that it would stymie a reasonable agency official attempting to identify responsive records.  Neither *Krohn* nor *Irons* required affidavits or evidence to support the court's analysis of the request."  *Id*.

The foregoing legal authority supports the dismissal of Plaintiff's improvidently brought Complaint.  To summarize, claims premised on Request Nos. 4, 6, 7, 9, 10 should be dismissed because none of these requests are framed in a manner that enable a professional employee "to locate the record with a reasonable amount of effort."  These requests all seek "any and all documents, communications, and other records."  All these requests encompass any "detainee"— in any of over 200 "immigration detention facilit[ies]" whether run by ICE or not—who was

hospitalized or transferred to offsite medical care and subsequently released during that treatment. And in all these requests, Plaintiff vaguely asks Defendants to produce documents "regarding" or "related to" these detainees and their hospitalizations, releases from custody, and where applicable, deaths. Accordingly, Defendants cannot "determine precisely what records are being requested" or locate them "with a reasonable amount of effort." *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997); *Truitt*, 897 F.2d at 544.

Claims premised on Request No. 1 should be dismissed because, although narrowed to four specific detainees, the request seeks "any and all documents . . . relating to" the hospitalization, death, and release from custody of these detainees. As discussed above, the agency has no guidance as to what, for example, "relates to" the "decision to release" these individuals from custody; indeed, the decision to release these detainees is likely informed by considerations that are not specific to these individuals. As another example, although these detainees were in custody at a specific detention center and passed away at a specific medical facility, documents "relating to" their death are not necessarily limited to those locations.

With respect to Request Nos. 2 and 3, Defendants explained in their Motion that these were not requests for identifiable records but rather requests to further investigate the existence of other records depending on the content of the records responsive to Request No. 1, which has the flaws identified above. Normally, "if the requester discovers leads in the documents he receives from the agency, he may pursue those leads through a second FOIA request[,]" because agencies are "not obliged to look beyond the four corners of the request for leads to the location" of other documents. *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996). Plaintiff does not dispute that well-settled principle that FOIA does not require agencies to be "investigators on behalf of requesters," and Plaintiff's Opposition fails to explain how Request Nos. 2 and 3 do not

run afoul of this principle. *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990).

Finally, Defendants' Motion highlighted the breadth of Request Nos. 5 and 8. And in response, Plaintiff argues that Defendants were taking the position that the Government "does not keep records regarding hospitalization or medical care of people in its custody" and then states that both DHS and ICE possess electronic health records systems that should be able to provide responsive information. Opp. at 14-15. Of course, Defendant's Motion never takes the position that Defendants do not have responsive information.[4] More importantly, Plaintiff's argument avoids the text of the Request Nos. 5 and 8. Request No. 8 requests, with emphasis added:

> *Any and all documents, communications, and other records*, including databases, spreadsheets, lists, and other data compilations, *that identify detainees who were hospitalized or transferred from detention for off-site medical care due to COVID-19, and were subsequently released from custody while hospitalized*, dates of hospitalization, detention facility, medical condition/reason for hospitalization or treatment, name and location of hospital, date of return to detention (if any), date of release from custody or issuance of order of recognizance (if any), and/or reason for release from custody.

The request seeks "any and all documents, communications, and other records" "that identify detainees" who were sent for off-site medical care due to COVID and subsequently released, as well as additional information about those stays. The text of the request is significantly broader than the electronic medical records highlighted in Plaintiff's Opposition. Any number of documents or records will "identify detainees" who fall into the category of a detainee who was hospitalized and then released while hospitalized. It is the "requester's responsibility to frame requests with sufficient particularity," and Plaintiff's response indicates that it has not done so with respect to Request Nos. 5 and 8. *Assassination Archives*, 720 F. Supp. at 219.

---

[4] It appears Plaintiff's argument is premised on a portion of Defendants' quotation of *Krohn v. Department of Justice*, 628 F.2d 195 (D.C. Cir. 1980). *See* Mot. at 11.

## II. Plaintiff Cannot Avoid Dismissal If The Complaint Fails To State A Claim

Plaintiff offers at the end of its Opposition final pleas to avoid dismissal of its lawsuit. Plaintiff argues that dismissal of the "case" is not warranted if some "subparts" satisfy the "reasonably describe" standard. Opp. at 16. If by subparts Plaintiff means the ten numbered requests, then on this point Defendants do not disagree. Claims based on requests that do not meet the standard should be dismissed and claims based on requests that do meet the standard may remain. It just so happens that none of the ten requests or subparts meets the threshold "reasonably describe" standard.

But Plaintiff is incorrect to the extent it suggests (Opp. at 2, 16) that Defendants cannot or should not prevail in their Motion unless they first "confer" over the flawed FOIA requests. *See Am. Ctr. for L. & Just.*, 2021 WL 5231939, at *8 ("ACLJ also argues that the Government cannot move to dismiss a FOIA request without first coordinating with the plaintiff to narrow the request. . . . But nothing in FOIA requires such an action. . . . ACLJ cites no authority to the contrary, nor is the Court aware of any.").

Further, Plaintiff's contention that Defendants' regulations indicate that they are "not entitled to dismissal" misreads both the regulation and the case cited in support. Obviously, nothing in 6 C.F.R. § 5.3(b) suggests Defendants may not move to dismiss a suit based on FOIA requests that fail to meet the standards of the FOIA statute.[5] And *New Orleans Workers' Ctr. for*

---

[5] Notably, Plaintiff is silent on the following passages of Section 5.3(b): "Requesters must describe the records sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort."; "To the extent possible, requesters should include specific information that may assist a component in identifying the requested records, such as the date, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number."; "Before submitting their requests, requesters may contact the component's FOIA Officer or FOIA public liaison to discuss the records they are seeking and to receive assistance in describing the records."

*Racial Justice v. ICE*, 373 F. Supp. 3d 16, 34 (D.D.C. 2019), does not support Plaintiff's contention either. In that case, the court found that ICE had not conducted an adequate search in part because ICE failed to point out the deficiencies it perceived in the FOIA request prior to filing for summary judgment, years after the FOIA request was made. *Id*. That is not the situation before this Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss.

Dated: January 21, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Sean Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2533
Sean.Tepe@usdoj.gov

*Attorneys for the United States of America*